IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**WILLIAM MILLER**,

        Plaintiff,

v.   No. CIV 05-0577 BB/LAM

**PAUL SPIERS, MICHAEL FOX, and
DONNA ARBOGAST**,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff Miller's August 3, 2006 motion for partial summary judgment (Doc. No. 108).  Having reviewed the submissions of the parties and the relevant law, the Court finds that Plaintiff Miller's motion should be DENIED.

### Standard for Reviewing a Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P.  56(c).  In evaluating a motion for summary judgment, the court views the evidence and draws all reasonable inferences therefrom in the light most favorable to the nonmoving  party.  *See Martin v. Kansas*, 190 F. 3d 1120, 1129 (10th Cir. 1999).  However, it is "not required to evaluate every conceivable inference which can be drawn from evidentiary matter, but only reasonable ones."  *Lucas v. Dover Corp.*, 857 F.2d 1397, 1401 (10th Cir. 1988).

Summary judgment is inappropriate if disputes remain as to material facts. *See James Barlow Family Ltd. P'ship v. David M. Munson, Inc.*, 132 F.3d 1316, 1319 (10th Cir. 1997). An issue of fact is "material" if it is essential to the proper disposition of the claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. Further, "[A] jury question does not exist because of the presence of a mere scintilla of evidence; rather, there must be a conflict in substantial evidence to create a jury question." *Walker v. NationsBank of Florida*, 53 F.3d 1548, 1555 (11th Cir. 1995).

## Undisputed Facts

On June 7, 2006, Plaintiff William Miller ("Plaintiff") filed the Second Amended Complaint (Doc. No. 75). The Second Amended Complaint was filed in accordance with this Court's June 7, 2006 Order (Doc. No. 74) directing Plaintiff to "amend his complaint to conform with [the Court's] opinion of February 7, 2006." The Second Amended Complaint was properly served on Defendants Fox and Arbogast (collectively "City Defendants") as well as Defendant Spiers on the same day it was filed.

Under Federal Rule of Civil Procedure 8, City Defendants were required to file an Answer to the Second Amended Complaint by July 1, 2006. However, City Defendants did not file the Answer (Doc. No.115) until August 8, 2006. Plaintiff does not allege, nor does any evidence on file suggest, that City Defendants' untimely Answer prejudiced Plaintiff in any way, materially impacted this case, or was due to City Defendants' bad faith.

**Discussion**

Plaintiff argues that, under Federal Rule of Civil Procedure 8(d), City Defendants necessarily admitted all of the allegations in the Second Amended Complaint since they failed to file a timely Answer.  *See* Fed. R. Civ. P. 8(d).  Plaintiff therefore moves for summary judgment on all factual issues of liability against City Defendants.

**I.   City Defendants' Delay in Filing the Answer was Due to "Excusable Neglect" and Did Not Prejudice Plaintiff**

Under Federal Rule of Civil Procedure 6(b), this Court may, in its discretion, accept late filings if the failure to file was due to "excusable neglect".  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896-97 (1990); Fed. R. Civ. P. 6(b).  "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993).  To determine whether the neglect is "excusable," a court must take account of all relevant circumstances surrounding the party's omission, including "the danger of prejudice to the [plaintiff], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the [defendant], and whether the movant acted in good faith." *Id.* at 395.  In determining whether "excusable neglect" has been established, courts must resolve all doubts in favor of the party seeking relief.  *Cessna Fin. Corp. v. Bielenberg Masonry Contracting Inc.*, 715 F.2d 1442, 1445 (10th Cir. 1983).  The Court will address these factors in turn.

### A.     Prejudice to Plaintiff

Plaintiff does not allege that City Defendants' late Answer harmed him in any way. Further, the Court cannot envision any danger of prejudice to Plaintiff resulting from City Defendants' untimely Answer. Thus, this factor weighs in favor of a finding of excusable neglect. *Post v. Gilmore*, 2004 WL 627007, \*\*2 (7th Cir. 2004) (Plaintiff did "not assert that he was harmed by the delay, and we find it hard to imagine how he could have been harmed when everyone assumed that the defendants continued to deny the essence of his claims and discovery and other pre-trial matters proceeded on that basis.").

### B.     Length of Delay and Potential Impact on Proceedings

City Defendants filed their Answer slightly more than a month late. Other courts have found "excusable neglect" in situations where the delay was substantially longer. *See, e.g., Post*, 2004 WL 627007 at \*\*1 (court found "excusable neglect" when the late answer was filed more than fourteen months after the complaint was filed); *Grandbouche v. Clancy*, 825 F.2d 1463, 1467-68 (10th Cir. 1987) (affirming district court's conclusion that good cause existed to deny motion for default judgment even though answer was filed more than two years after the complaint was filed). Thus, the relative shortness of City Defendants' delay in filing the Answer augurs in favor of finding excusable neglect.

Additionally, the late Answer did not negatively impact the proceedings in this case. In fact, the late filing did not impact the proceedings at all. Throughout the course of this litigation, and, in particular, after Plaintiff filed the Second Amended Complaint on June 7, 2006, City Defendants have denied the essence of Plaintiff's claims. Plaintiff was aware of City Defendants' defenses prior to the filing of its instant motion for partial summary judgment, since these defenses

were set forth in the following pleadings:  1) City Defendants' October 11, 2005 Answer to Plaintiff's First Amended Complaint (Doc. No. 6); City Defendants' January 3, 2006 Initial Pretrial Report (Doc. No. 30); and City Defendants' January 13, 2006 Motion for Partial Summary Judgment No. I (Doc. No. 33).

Further, City Defendants made Plaintiff aware of their continued denial of Plaintiff's claims after the Second Amended Complaint was filed on June 7, 2006 (and before the late Answer was filed on August 8, 2006).  Specifically, City Defendants continued to deny Plaintiff's claims in the following pleadings:  City Defendants' July 28, 2006 Motion for Partial Summary Judgment No. II (Doc. No. 106); City Defendants' August 3, 2006 Motion for Partial Summary Judgment No. III (Doc. No. 109); and City Defendants' August 3, 2006 Motion for Partial Summary Judgment No. IV (Doc. No. 110).

Thus, the relative shortness of City Defendants' delay in filing the Answer and the fact that the late Answer did not impact the proceedings in this case also weigh in favor of a finding of "excusable neglect".  *Isby v. Clark*, 100 F.3d 502, 504 (7th Cir. 1996) (stating that while defendant should have filed an answer to the amended complaint, "this was clearly a no harm, no foul situation" where "everyone here assumed that the [state] officials continued to deny the essence of the claims made in the amended complaint.").

    **C.**    **Good Faith Reason for Delay**

Plaintiff does not contend that City Defendants' late filing of the Answer was the result of bad faith.  Correspondingly, City Defendants' explanation for the delay - that defense counsel left Defendant Arbogast unanswered voice-mail messages asking her to review the Answer but that she could not review it in a timely manner because she was on vacation - does not suggest that the

5

delay was intentional or the result of a bad faith motive.[1]  Thus, the Court finds that City Defendants' delay in filing the Answer was due to inadvertence, not bad faith, and this tilts the scales in favor of a finding of "excusable neglect."  *Griffin v. Suthers*, 2005 WL 3131704 at *4 (10th Cir. 2005) (defense counsel's inadvertent delay of seven months to file an answer to a supplemental complaint deemed "excusable neglect" ); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (finding "excusable neglect" where defendants filed answer out of time but had responded to plaintiff's discovery requests).

In summary, the Court finds that City Defendants have established "excusable neglect" for their late Answer based on the following factors:  1) Plaintiff was not prejudiced by the delay; 2) the delay was relatively short (just over a month); 3) the delay did not impact the proceedings; and 4) the delay was not a result of bad faith.  Therefore, under Federal Rule of Civil Procedure 6(b), the Court will accept City Defendants' late Answer.  However, City Defendants are cautioned that the Court expects the late filing of the Answer to be an isolated incident.  City Defendants should not expect such leniency if future deadlines are missed.

## Conclusion

Based on the foregoing, the motion for partial summary judgment will be denied.

---

[1] The Court notes, however, that according to City Defendants' own time-line, Defendant Arbogast left for vacation *after* the July 1, 2006 deadline for filing the Answer to the Second Amended Complaint had already passed.  Specifically, City Defendants state the Defendant Arbogast's vacation lasted more than three weeks (but presumably less than four) and that she returned on August 2, 2006.  Thus, Defendant Arbogast must have left for vacation sometime after July 2, 2006 - by which time the deadline for filing the Answer had already passed.  This discrepancy raises questions about City Defendants' explanation for the delay.  However, the Court will extend City Defendants the benefit of the doubt and read its explanation to say that defense counsel left Defendant Arbogast unreturned voice-mail messages about reviewing the Answer even before she left for vacation (and therefore before the July 1, 2006 deadline).

## **ORDER**

Based on the foregoing memorandum opinion, Plaintiff's motion for partial summary judgment (Doc. No. 108) is hereby DENIED.

DATED January 17th, 2007.

_____
UNITED STATES DISTRICT JUDGE
BRUCE D. BLACK

**Attorneys:**

**For Plaintiffs**
Alex Chisholm

**For Defendant**
Luis Robles